**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HONORABLE JEFFREY P. MINEHART, | : : | |
| Plaintiff, | : : | CIVIL ACTION |
| v. | : : | No. 17-3349 |
| ANN MCELHINNY, et al., | : : : : | |
| Defendants. | : | |

**February 14, 2018**                                                                                          **Anita B. Brody, J.**

## EXPLANATION AND ORDER

Plaintiff Jeffrey P. Minehart, a judge in the Court of Common Pleas of Philadelphia County and a Pennsylvania citizen, filed suit in the same court against Defendants Ann McElhinny, Phelim McAleer, Ann & Phelim Media, Salem Media Group, Inc., Regnery Publishing and Pennsylvania Media Associates, Inc. (collectively, "Defendants").[1]  Judge Minehart asserts claims arising out of the publishing, marketing and distribution of a book that contains allegedly defamatory material.  Two of the Defendants removed this action with the consent of the remaining defendants, alleging that diversity jurisdiction exists because the sole non-diverse defendant, Pennsylvania Media Associates, Inc. ("PMA") was fraudulently joined.  PMA is named in two counts of the four-count Complaint: Count III, that requests a mandatory permanent injunction; and Count IV, that asserts a claim of civil conspiracy.  Judge Minehart filed a Motion for Remand that Defendants opposed.  The civil conspiracy claim was the one in

---

[1] In the Notice of Removal, Defendants Salem Media Group, Inc. and Regnery Publishing state that the proper name for "Ann & Phelim Media" is "Ann and Phelim Media, LLC" and that Regnery is the registered trade name of Caron Broadcasting, Inc.  Notice of Removal 1, ECF No. 1.

1

dispute.  I granted Judge Minehart's Motion for Remand, finding, in relevant part, that the civil conspiracy claim against PMA was "colorable" and that Defendants had not met their "heavy burden" of demonstrating that PMA was fraudulently joined.[2]  *See* Mem. 10, 14-15, ECF No. 31.

Defendants filed a motion seeking reconsideration of my decision granting Plaintiff's Motion for Remand, or in the alternative, for certification of the decision for interlocutory appeal.  Defs.' Mot. for Reconsideration, ECF No. 34.  The filing of this motion prompted my review of the record in this case.  As a result of this review, and independent of the arguments made in Defendants' motion, I now reconsider my decision to remand.

In the Third Circuit, "so long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so."  *U.S. v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973).  Remand orders are interlocutory.  *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 170 (3d Cir. 1999).  When a remand order has been issued by the district court, the district court retains jurisdiction over the remanded case until a certified copy of the remand order is sent to the state court.  *Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 355-56 (3d Cir. 2013).  I have retained jurisdiction over this matter because a certified copy of the remand order has not been sent to the Court of Common Pleas.  *See* Order, ECF No. 33 (ordering the Clerk's Office to refrain from mailing a certified copy of the remand order to the Philadelphia Court of Common Pleas until further notice).  Therefore, I may reconsider my decision to remand this case, provided that it is "consonant with

---

[2] "Joinder is fraudulent 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.'"  *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quoting *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).  A claim is not colorable if it is "wholly insubstantial and frivolous."  *Batoff*, 977 F.2d at 852.  The removing party bears a "heavy burden of persuasion" in showing that the non-diverse party was fraudulently joined.  *Id.* at 851.  A district court must assume all factual allegations in the complaint are true and must resolve all uncertainties as to the current state of controlling substantive law in favor of the plaintiff.  *Id.* at 851-52.

justice to do so." *Jerry*, 487 F.2d at 605. For the reasons that follow, I am convinced that it is "consonant with justice" to reconsider this decision.

In Pennsylvania, "[p]roof of malice, i.e., an intent to injure, is essential in proof of a conspiracy. This unlawful intent must be absent justification." *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 472 (Pa. 1979) (internal citations omitted). In opposing remand, Defendants argued that in order to allege malice, it must be alleged that the "sole purpose" of the conspiracy was to injure Judge Minehart, and the civil conspiracy claim was not colorable because the Complaint alleges other purposes of the conspiracy beyond injuring Judge Minehart. Defs.' Opp. to Pl.'s Mot. to Remand 10-13, ECF No. 23 ("Defs.' Opp."). In holding that the claim was "colorable," I noted that district courts in Pennsylvania have expressed doubt as to whether, under Pennsylvania law, the "sole purpose" of a civil conspiracy must be to injure the plaintiff. *See* Mem. 8-9. In one such case, *Ozburn-Hessey Logistics,* the Hon. Luis Felipe Restrepo, sitting as a district court judge, stated that decisions applying the "sole purpose" requirement rely on *Thompson Coal Co.*, which "does not address whether defendants may be liable if they act with mixed motives." *Ozburn-Hessey Logistics, LLC v. 721 Logistics, LLC*, 40 F. Supp. 3d 437, 454 n. 4 (E.D. Pa. 2014). Likewise, in *Daniel Boone Area Sch. Dist.*, a district court upheld a claim of civil conspiracy at the motion to dismiss stage, finding that malice had been adequately alleged where it could be inferred that the plaintiff's injuries were "not simply an accidental side-effect" of the defendant's otherwise legitimate business interests. *Daniel Boone Area Sch. Dist. v. Lehman Bros., Inc.*, 187 F. Supp. 2d 400, 412 (W.D. Pa. 2002). In my former opinion regarding remand, I found that the claim of civil conspiracy asserted against PMA was colorable under either the *Ozburn-Hessey Logistics* or *Daniel Boone Area Sch. Dist.* interpretations of the *Thompson Coal Co.* malice requirement. *See* Mem. 9. In order for the civil conspiracy claim to

be colorable under either analysis, however, it must be alleged that at least one purpose of the conspiracy was to injure Judge Minehart.

Upon review of the transcript of the oral argument held on Judge Minehart's Motion for Remand,[3] I realized that counsel for Judge Minehart had explicitly disclaimed that any purpose of the civil conspiracy was to injure Judge Minehart. Counsel for Judge Minehart stated that:

> The sole purpose of this book, and this conspiracy, was to advance this anti-abortion agenda. And in advancing that agenda, they defamed Judge Minehart. **But there's no question but that the sole purpose, or the only purpose of this conspiracy was to advance that anti-abortion agenda. That's the sole purpose.** But there's no requirement in the law for a sole purpose.

Transcript of Rule 16 Conference ("Oral Arg. Tr.") 26:11-17 (emphasis added).

Counsel for Judge Minehart later continued:

> And bear in mind, Judge, we didn't just name PMA as if, oh they carried a billboard or an advertisement, they must be liable. No. That's not what this is about. If you look at the complaint carefully, Your Honor, you're going to see dozens, maybe more, specific instances that we cite, where PMA was working with these two authors to promote this book, and to promote the agenda that this book represents.

Oral Arg. Tr. 27:23-28:6.

Counsel for PMA responded that the admission that the only purpose of the conspiracy was to advance an anti-abortion agenda demonstrated that the claim of civil conspiracy was not colorable. *See* Oral Arg. Tr. 28:9-14 ("That alone, that's enough for us to be out. He can't - - there is no colorable ground where the sole - - he - - and this is what [counsel for Judge Minehart] said, and it's in his papers, the sole purpose is to advance a conservative agenda. That is a completely legal First Amendment protected right . . . .").

The Third Circuit has stated that "a court can look to more than just the pleading allegations to identify indicia of fraudulent joinder." *In re Briscoe*, 448 F.3d 201, 219 (3d Cir.

---

[3] Following full briefing on Judge Minehart's Motion for Remand, oral argument was held on the motion at the Rule 16 conference on October 10, 2017.

4

2006). Here, a review of the record makes clear that counsel for Judge Minehart expressly stated to the Court that the only purpose of the civil conspiracy was to advance an anti-abortion agenda. Therefore, no purpose of the civil conspiracy was to injure Judge Minehart. In light of this fact, my previous finding that the claim of civil conspiracy is colorable pursuant to the *Ozburn-Hessey Logistics* or *Daniel Boone Area Sch. Dist.* analyses is unsupported. As counsel for PMA stated on the record, because the only purpose of the conspiracy was to promote an anti-abortion agenda, the claim of civil conspiracy is not colorable. As a result, Defendants have met their "heavy burden" of demonstrating that PMA was fraudulently joined.[4]

Because review of the record in this case reveals that the civil conspiracy claim is not colorable, it is "consonant with justice" for me to reconsider my previous decision to the contrary. *Jerry*, 487 F.2d at 605. The Third Circuit has instructed that if a district court finds fraudulent joinder, the court can disregard, for jurisdictional purposes, the citizenship of the non-diverse defendant, assume jurisdiction over the case, dismiss the non-diverse defendant, and thereby retain jurisdiction. *In re Briscoe*, 448 F.3d at 216. Having determined that PMA was fraudulently joined, I will dismiss PMA from this action and thereby retain jurisdiction over this action.

---

[4] As Defendants have stated, injunctive relief is a remedy and not an independent cause of action. *See, e.g.*, *Birdman v. Office of the Governor*, 677 F.3d 167, 172 (3d Cir. 2012); *Davis v. Corizon Health, Inc.*, No. 14-1490, 2014 WL 5343617, at * 2 (E.D. Pa. Oct. 21, 2014); Notice of Removal ¶ 30; Defs.' Opp. 5 n. 3. Therefore, the request for mandatory permanent injunction (Count III) does not present a colorable claim.

## **ORDER**

**AND NOW**, this __14th__ day of February, 2018, it is **ORDERED** that:

(1) This Court's November 28, 2017, Memorandum and Order (ECF Nos. 31 & 32) is **VACATED**;

(2) Plaintiff's Motion for Remand (ECF No. 21) is **DENIED**;

(3) Defendant Pennsylvania Media Associates, Inc. is **DISMISSED** from this action **WITH PREJUDICE**; and

(4) Defendants' Motion for Reconsideration of the Court's Order and Opinion Granting Plaintiff's Motion to Remand or, in the Alternative, to Certify the Issue for Interlocutory Appeal (ECF No. 34) is **DENIED AS MOOT**.

                                                    s/Anita B. Brody

                                        _____
                                        ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to: