## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HONORABLE JEFFREY P. MINEHART, | : | |
| Plaintiff, | : | |
| | : | |
| | : | CIVIL ACTION |
| v. | : | No. 17-3349 |
| | : | |
| ANN MCELHINNY, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

**AND NOW**, this 18th day of April, 2018, it is **ORDERED** that Plaintiff's Motion for Reconsideration of the February 14, 2018 Order, or, in the Alternative, to Certify the Order for Interlocutory Appeal Pursuant to 28 U.S.C. §1292(b) (ECF No. 45) is **DENIED**.[1]

s/Anita B. Brody

_____
ANITA B. BRODY, J

Copies **VIA ECF** on _____ to:

---

[1] In order to prevail on a motion for reconsideration, a party seeking reconsideration must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Plaintiff has failed to allege any newly discovered evidence and has failed to establish an intervening change in controlling law, a clear error of law or fact, or a manifest injustice that will result from the Court's February 14, 2018 Order. Additionally, pursuant to 28 U.S.C. § 1292(b), a district court shall certify an interlocutory order for immediate appellate review if the order involves (1) "a controlling question of law" (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Court's February 14, 2018 Order does not meet these criteria.